# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUSTIN SCOTT EDMONDS,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2017

No.  324869
Genesee Circuit Court
LC No.  14-034495-FC

ON REMAND

Before:  RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

This matter is before us on remand from the Supreme Court "for consideration of the claims raised in the defendant's Standard 4 brief." *People v Edmonds*, ___ Mich ___; ___ NW2d ___ (order entered 10/26/2016, Docket No. 153589).

Our original opinion, which affirmed defendant's conviction for armed robbery, MCL 750.529, only addressed the one issue raised both by appellate counsel and in defendant's Standard 4 brief:  the failure of the trial court to give an instruction on tracking-dog evidence. And our opinion did not expressly reference defendant's Standard 4 brief.  But our conclusion applies equally to both counsel's argument and defendant's Standard 4 argument on this point: because there was no actual incriminating tracking-dog evidence presented with reference to the armed robbery for which defendant was convicted, there is no reasonable probability that such an instruction would have changed the result.  *People v Edmonds*, unpublished opinion per curiam (No. 324869, issued February 23, 2016).

Not addressed in our original opinion is another claim of ineffective assistance of counsel for failure "to motion the trial court to have the prosecution's witness, Charles Clark's testimony, impeached with a cautionary instruction."  There are a number of points that we do not understand with defendant's argument.  First, we do not understand how a witness' testimony can be impeached by a cautionary instruction.  Second, defendant does not identify any precise instruction that should have been requested.  But his argument seems to center on the argument that Clark gave conflicting statements over the course of the investigation of this case and his testimony in court.

-1-

We begin by noting that the trial court did give the general instructions on assessing a witness' testimony to determine whether it is credible and whether it is to be believed.[1]  And those instructions did include some of the specific points raised by defendant, such as the principle that the jury may believe or disbelieve part or all of a witness' testimony.  Moreover, we note that trial counsel in closing argument extensively addressed the issue of Clark's credibility.  With these points in mind, in the absence of defendant's identifying any specific instruction that should have been given, we are not convinced that such a possible instruction would have led to any reasonable possibility of a different result.  *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011).

Finally, defendant argues that the cumulative error denied him a fair trial.  But, as discussed above, we only found one error (the failure to give the tracking-dog instruction).  Accordingly, there cannot be any cumulative error.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens

---

[1] This also addresses defendant's brief argument that the court erred in allowing "the case to go to the jury with unbridled authority, leaving the jury to speculate, as to how they were to weigh the evidence and facts of the case . . . ."  The court's instructions on this very point sufficiently bridled the jury.